LAW OFFICES OF
# LONDON & ROBIN

IRA D. LONDON (ret.)
AVROM ROBIN

99 PARK AVENUE
SUITE 2600
NEW YORK, NEW YORK 10016
TEL: 212-683-8000
FAX: 212-683-9422
EMAIL: iradlondon@aol.com
avrom@mindspring.com

VIA ECF and EMAIL

June 18, 2021

The Honorable Colleen McMahon
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

MEMO ENDORSED

6/23/21 —
Motion to terminate Supervised Release Early Granted — Prob. Dept is to submit the appropriate order for the Court's signature.

/s/ Colleen McMahon

Re: United States v. Ronald Woody
10 CR 391-60 (CM)

Dear Judge McMahon:

I write regarding my client Ronald Woody, to request early termination of supervised release, pursuant to 18 U.S.C. § 3583(e).

## BACKGROUND

On June 21, 2011 the Court sentenced Mr. Woody to the mandatory minimum of 120 months, and also credited him for 39 months and 10 days for time served in New York State prison for the same offense. Mr. Woody was given five years of supervised release. Mr. Woody had previously entered plea of guilty pursuant to a plea agreement in this drug case.

On June 3, 2016 Mr. Woody's supervised release term began, immediately after his release from federal prison. His original term of supervised release would have expired on June 2, 2021.

However, in October of 2016, while on supervised release, due to his use of marijuana, Mr. Woody violated the terms of his supervision.

On February 1, 2017, after admitting to that violation, your Honor sentenced Mr. Woody to five months imprisonment, revoked his supervised release, and imposed a new term of supervised release of five years.

On June 30, 2017, after his release from federal prison on the violation, Mr. Woody began his new term of supervised release, with an expiration date of June 29, 2022.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/21

As of the present date Mr. Woody has served almost four years of his supervised release term without incident. He has just over one year remaining.

Mr. Woody is now 36 years old and still living in Newburgh, New York. He is sharing a rented house with his sister, who works full time as a home health aid. Mr. Woody's son is three years old, and he co-parents with the child's mother, Whitney Henry. Although Mr. Woody and Ms. Henry are not living together, they are on good terms.

Mr. Woody is not working at present due to an injury he sustained in a car accident in September 2020. The period from the accident to the present date is the only period of time he has not been working since his release in 2017. As of last week, he started looking for work again, and expects to find employment soon.

Immediately after his release at the end of June 2017 he began a school course in welding. While in school during the day, he took a truck delivery job at night with Dunkin' Donuts. He also worked at Unitec Hospital Linen Supply for a short time. After graduation he got a job through the school at a welding company, Ohanna Metals, in Newburgh, from 2017-2018. He then took a job driving a truck for Zahar Foods in Newburgh, for 4 or 5 months. Then he went to work at Martin Brower Warehouse, a warehouse that many local McDonald's restaurants get supplies from. He drove a forklift there, and loaded and unloaded trucks. The whole staff at that warehouse was laid off for a period of time when many of the employees, including Mr. Woody, became ill with Covid-19.

Mr. Woody uses his time now caring for his son and his sister's child while the mothers are working.

Mr. Woody is presently reporting to USPO Christina Alexander in the SDNY. Ms. Alexander told me in a phone call on April 22, 2021, "We are in support of early termination, he is compliant, has no issues, has kept us up to date, have no reason to keep him."

Mr. Woody is on low intensity supervision, checking in periodically as directed via email and Facetime with his probation officer.

## STATUTORY AND CASE LAW BASIS FOR THIS REQUEST

18 U.S.C. § 3583, Inclusion of a term of supervised release after imprisonment, provides in applicable part:

> (e) Modification of conditions or revocation. - The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7),

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice(.)

Federal Rule of Criminal Procedure Rule 32.1 Revoking or Modifying Probation or Supervised Release provides in applicable part:

(c) Modification.

(1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.

(2) Exceptions: A hearing is not required if:

(A) the person waives the hearing; or

(B) the relief sought is favorable to the person and does not extend ther term of probation or supervised release; and

(C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

"Interest(s) of justice" is defined as "The proper view of what is fair and right in a matter in which the decision-maker has been granted discretion." This definition dates to the 17th century. *Black's Law Dictionary*, 11th Edition, Thomson Reuters, 2019.

The case law in the 2nd Circuit is quite clear on this subject and supports early termination when it is appropriate.

District Court Judges have recognized that early termination is appropriate in some cases. For example, in *United States v. Trotter*, 321 F. Supp. 3d 337 (E.D.N.Y. 2018), 2018 U.S. Dist. LEXIS 111946; 2018 WL 3321426, District Judge Jack B. Weinstein noted that the Eastern District Probation Office recommends early termination where warranted, because the resources of the probation department are limited, and should be focused where needed. *Id.* at 340.

The 2nd Circuit has held, "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); see also *United States v. Scheckley*, 129 F.3d 114 (2d Cir. 1997).

The Office of Probation and Pretrial Services, Administrative Office of the U.S. Courts, in a 2013 article entitled *Early Termination of Supervision: No Compromise to Community Safety*, stated "early termination is a practice that holds promise as a positive incentive for persons under supervision and as a measure to contain costs in the judiciary without compromising the mission of public safety." *See,* https://www.uscourts.gov/federal-probation-journal/2013/09/early-termination-supervision-no-compromise-community-safety

I submit that based on Mr. Woody's changed circumstances and four years of unbroken good behavior that he meets the required standards for early termination.

## CONCLUSION

Mr. Woody's conduct and personal development since his last release from custody justifies early termination. No purpose is served by further supervision. The interests of justice, and the efficient use of probation department resources, also support this request.

Respectfully submitted,

AVROM ROBIN

C:  A.U.S.A. Michael Maimin         (via ECF and email)
    U.S.P.O. Christina Alexander     (via email)